

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JERALD LAVELLE JOHNSON,<br><br>Defendant. | CR-S-00-0394-RLH (PAL)<br>CV-S-04-1691-RLH (PAL)<br><br>**O R D E R**<br>(Motion Pursuant to §2255–#136) |

Before the Court is Defendant Johnson's **Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody** 28 U.S.C. §2255 (#136). The Government filed its Opposition (#150) (with the affidavit of Defendant's appellate counsel attached) to which Defendant filed his Reply (#151).

### BACKGROUND

On November 7, 2000, Defendant was charged with being a felon in possession of a firearm. The Indictment was later superseded to include possession of cocaine base and possession of a firearm in furtherance of drug trafficking. In November 2001 the Defendant was initially tried before a jury on the three-count indictment. The jury acquitted him of the possession of cocaine and possession of a firearm in furtherance of drug trafficking and hung on the felon in possession charge.

Defendant was re-tried on the felon in possession charge in February 2002. He was convicted and sentenced to 235 months. He appealed. The Ninth Circuit Court of Appeals affirmed

1

/52

his conviction but remanded for re-sentencing without the armed career criminal enhancement. Defendant was re-sentenced to 120 months on August 20, 2004. This motion followed.

## DISCUSSION

Defendant characterizes his Section 2255 motion as an application for a certificate of appealability and asks the Court to certify two issues for appeal. This is not an appropriate use of a Section 2255 motion.

His stated bases for the motion ineffective assistance of appellate counsel in (1) failing to raise, on appeal, the issue of the use of an incorrect constructive possession jury instruction; and (2) failing to raise the Fourth Amendment suppression issue, *i.e.*, that the probation officer illegally opened a residential door without a warrant or permission. Defendant further complains that his appellate counsel refused to file his *pro se* brief on the subject.

The record will reflect, as noted by his appellate counsel in his affidavit, that counsel did, in fact, file the Defendant's *pro se* brief with the Court of Appeals.

The parties gave extensive descriptions of the facts of this case in their points and authorities. The Court will not attempt to reiterate all those facts. The parties are familiar with them. For the purpose of this decision, however, the following is important to understand.

The first claim arises from the fact that in the first trial, the Court gave a slightly different instruction on the definition of possession when the charges included possession of cocaine base and possession of a firearm in furtherance of drug trafficking, than it did in the second trial when the only charge was being a felon in possession of a firearm. In the second trial, the Court gave the Model Jury Instructions on possession and constructive possession. Defendant asserts this instruction to have been erroneous and faults his appellate counsel for not raising that issue on appeal.

The second claim arises from the fact that the Defendant's probation officer approached his residence to conducted a required visit, found a man working on a car in the driveway, who said the Defendant was in the house. The garage door was open and the probation

officer approached the door to the house in the garage and knocked several times. He got no response, tried the door knob and found it unlocked. He opened the door to yell for the Defendant and discovered the Defendant standing on the other side of the door, in the dark. He announced he was there for a visit and asked the Defendant to turn on the light. The Defendant said there were no lights, so they went into a bedroom where there was a light. The Defendant seemed uneasy, but the probation officer could find nothing improper going on. As he was leaving, he saw, from the light from a television set in the living room, a firearm on the couch next to a plate of food (the Defendant was the only one in the residence at the time). The gun was seized and the Defendant arrested.

Defendant contests the probation officer's opening of his door in the first instance as a violation of his Fourth Amendment right against illegal search and seizure and of 18 U.S.C. § 3109, regarding execution of search warrants.

A motion to suppress prior to trial was denied.

Defendant's appellate counsel, David A. Nickerson, declared in his affidavit that Defendant's supplemental brief was filed with the Circuit Court. He further swears that in his opinion the Court did not give an erroneous possession instruction to the jury and that it would have been frivolous to raise such an issue on appeal. He did raise a different jury instruction issue on appeal, but was not successful in that effort.

Mr. Nickerson also testified that he believed the trial court's ruling on the knock-notice issue was legally correct and clearly supported by the evidence, noting that Johnson was on probation with a search clause as a condition, and that this was not a search, but a visit. Furthermore, he explained, the claim that a "home visit" was the same as a search pursuant to a warrant, was not raised at the suppression hearing and so was waived for purposes of an appeal.
Mr. Nickerson, who has been doing criminal appeals for more than twenty years, made the decision that asserting frivolous issues would diminish the effect of the strong issues on which he prevailed by successfully reducing Johnson's sentence from 235 to 120 months.

. . . .

The Court finds Mr. Nickerson's representation effective and well-reasoned.

To prevail on his ineffective assistance of counsel claims, Defendant must show that: 1) his attorney's performance "fell below an objective standard of reasonableness," and 2) his counsel's deficient performances prejudiced his defense. *Strickland v. Washington*, 477 U.S. 668, 687-88 (1984). A defendant who has "fail[ed] to satisfy either the deficient performance or the prejudice prong of the *Strickland* test has failed to make a claim for ineffective assistance of counsel." *United States v. Molina* 934 F.2d 144, 1447 (9th Cir. 1991). Defendant's claims fail both prongs of the *Strickland* test. The performance of Defendant's appellate counsel did not fall below an objective standard of reasonableness nor did counsel's actions prejudice his defense.

To satisfy the deficient performance prong of the *Strickland* test, the representation afforded Defendant by his appellate counsel must fall "below an objective standard of reasonableness." *United States v. Quintero-Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1995) (quoting *Strickland*, 466 U.S. at 687-88), *cert. denied* 519 U.S. 848. "Thus, the proper inquiry is 'whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.'" *Quintero-Baraza* 78 F.3d at 1348 (quoting *Strickland*, 466 U.S. at 690). There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Further, "counsel is presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. A court reviewing counsel's conduct must strive "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 699. The court "'must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of the counsel's conduct'." *Auman v. United States*, 67 F.3d 157, 162 (8th Cir. 1995) (quoting *Strickland*, 466, U.S. at 690).

In addition to demonstrating unreasonableness, the Defendant must also establish prejudice by showing that there is "'a reasonable probability that, but for counsel's unprofessional

1  errors, the result of the proceeding would have been different.'" *Quintero-Barraza*, 78 F.3d at 1348
2  (quoting *Strickland*, 466 U.S. at 694). "A reasonable probability is a probability sufficient to
3  undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. A court " need not determine
4  whether counsel's performance was deficient . . . [i]f it is easier to dispose of an ineffectiveness
5  claim on the ground of lack of sufficient prejudice." *Id.* at 697.

6         The jury instruction of which Defendant complains has an accurate statement of the
7  law and has been sustained numerous times by the Circuit Court. Furthermore, Defendant has not
8  shown that he would have been acquitted with the other instruction. The record of the first trial
9  demonstrates that the first instruction confused the jury, and even with that instruction the jury was
10 unable to reach a verdict. That is hardly evidence that if used again he could obtain an acquittal.
11 His appellate attorney recognized the legality of the instruction and wisely chose not to dilute the
12 appeal with a frivolous issue. Defendant cannot show prejudice by his decision not to pursue the
13 issue on appeal. Defendant's invocation of *United States v. Carrasco*, 257 F.3d 1045 (9th Cir. 2001)
14 is erroneous. *Carrasco* did not modify the possession or constructive possession instruction as
15 claimed by Defendant. To the contrary, the Circuit Court determined that there was enough
16 evidence to give the instruction on constructive or joint possession. That instruction was the
17 instruction provided in the Model Criminal Jury Instructions Manual.

18        Defendant's argument about violation of 18 U.S.C. §3109 is misplaced. There is
19 some question about its applicability to state law enforcement. More important, it is inapplicable
20 here because this was not a search. The statute governs those circumstances which justify breaking
21 open a door or window to execute a search warrant. This was not a search. The entry was made as
22 part of a required visit by the probation officer. He could not have obtained a search warrant merely
23 to enforce a visitation obligation. Under the circumstances, his opening the door to announce his
24 presence was reasonable. He had information that the Defendant resided there. He had been told by
25 Defendant's friend that he was in the house. He had knocked twice without a response. He opened
26 the door to see if he could get Defendant's attention. To his surprise, the Defendant was standing

1  just inside the door, in the dark, but had not made any apparent effort to respond to the knock. The
2  probation officer had little choice. His purpose was merely to conduct the required visit. It was
3  only when exiting the residence that he saw the firearm and took protective action.

4  Appellate counsel also believed that the Court was correct in denying the motion to
5  suppress. Just because Johnson disagrees does not make the assistance of counsel ineffective.
6  *People v. Santos*, 741 F.2d 1167, 1169 (9th Cir. 1984). Counsel is not required to appeal every
7  possible question of law to be effective. *Gustave v. U.S.* 627 F.2d 901, 906 (9th Cir. 1980).

8  Defendant Johnson's appellate counsel analyzed the issues and determined which
9  were viable and the most likely to succeed. He pursued those issues and was successful in
10 substantially reducing Johnson's sentence. The performance of Defendant's appellate counsel did
11 not fall below an objective standard of reasonableness nor did counsel's actions prejudice Defen-
12 dant's defense.

13 IT IS THEREFORE ORDERED that Defendant Johnson's **Motion to Vacate, Set**
14 **Aside or Correct Sentence by a Person in Federal Custody** 28 U.S.C. §2255 (#136) is DENIED.
15 Dated: October 13, 2005.

_____
ROGER L. HUNT
U.S. District Judge